UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. CHAVEZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>D. DAVEY, *Warden*,<br><br>　　　　　　Respondent. | No. CV 17-7849 SJO (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

On or about October 19, 2017, Petitioner James D. Chavez ("petitioner"), a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "petition"). Therein, petitioner asserts a single claim — that the California Supreme Court's holding in *People v. Franklin*, 63 Cal. 4th 1053 (2016) retroactively entitles him to create a record that will enable California Board of Parole Hearings ("BPH") to consider "the hallmark features of youth which led to his criminal activity, ultimate conviction, and sentence to state prison." (Pet at 3.) Because the Court is able to conclude from the face of the petition that petitioner is not entitled to habeas relief, summary dismissal is appropriate.[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in United

---

[1] The Court takes judicial notice of California Supreme Court records (found at http://appellatecases.courtinfo.ca.gov/index.html) which demonstrate that petitioner has not filed a habeas petition in that court since its decision in *Franklin*.

(continued...)

States District Courts (hereinafter "Rule 4"); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (finding that Rule 4 permits dismissal of a petition "that appears legally insufficient on its face").

In *Franklin*, the court considered several challenges to a juvenile defendant's sentence in light of two California statutes, Cal. Penal Code §§ 3051(b) and 4801(c) (respectively, "section 3051(b)" and "section 4801(c)"), which govern aspects of parole eligibility for California inmates who committed their crime of imprisonment prior to reaching age twenty-three. *See generally Franklin*, 63 Cal. 4th at 276-87. Section 4801(c), in particular, requires that the BPH "give great weight to the diminished culpability of juveniles . . ., the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner." Although it affirmed the defendant's sentence, the *Franklin* court ultimately remanded the case to ensure that the defendant, who was sentenced before the effective date of the current Cal. Penal Code §§ 3051 and 4801(c), was afforded the opportunity to make a record that would allow the BPH to effectively consider the factors set forth in section 4801(c). *Franklin*, 63 Cal. 4th at 286-87.

Federal habeas relief is unavailable to a petitioner whose claim "does not fall within 'core of habeas,'" i.e. where success on the claim "would not necessarily lead to [the petitioner's] immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). Here, even if petitioner were to succeed on his

---

(...continued)
Thus, it appears that petitioner has not exhausted his state court remedies with respect to his lone claim. However, the Court need not consider whether petitioner's claim is exhausted because it is not cognizable on federal habeas, as discussed herein. *See Gutierrez v. Griggs*, 695 F.3d 1195, 1197-98 (9th Cir. 1983) (holding that district court need not consider exhaustion where claim is plainly non-cognizable); *see also Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (finding no need to consider exhaustion requirement where petitioner "does not raise even a colorable federal claim").

2

claim, *Franklin* entitles him to no more than an opportunity to create a record that would enable the BPH to effectively consider the factors set forth in section 4081(c).² Moreover, while the creation of a record detailing petitioner's youthful, mitigating characteristics would likely increase his chances at parole, he would not be guaranteed release, as the BPH considers numerous factors unrelated to age when determining parole suitability. *See* Cal. Code Regs., tit. 15, § 2281 (2016) (enumerating circumstances showing suitability or unsuitability including social history, criminal history, motive for crime, etc.). In sum, because any relief would not necessarily result in petitioner's immediate or accelerated release from prison, his claim is not cognizable on federal habeas. *See Nettles*, 830 F.3d at 934-35 (holding that petitioner's claim was non-cognizable because expungement of prison rules violation would not necessarily result in earlier release date since BPH considers other factors when determining suitability).

Rather than dismissing the petition, the Court may, with petitioner's consent, construe the petition as a complaint filed pursuant to 42 U.S.C. § 1983. *See Nettles*, 830 F.3d at 935. However, the Court declines to do so in this instance because it is entirely unclear which federal constitutional right petitioner asserts California's courts violated. Moreover, the allegations in the petition are unsubstantiated and lack the specificity required to state a claim in a § 1983 action. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

///

For the foregoing reasons, the petition is DISMISSED without prejudice. A

---

² The Court expressly declines to consider petitioner's claim any further than discussed herein, as the Court is doubtful that petitioner's claim even alleges a federal constitutional violation.

3

certificate of appealability is DENIED.

Let judgment be entered accordingly.

IT IS SO ORDERED.

Date: November 20, 2017

_S. James Otero_
S. JAMES OTERO
United States District Judge

Presented by:

/S/FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge